### THE SEEFAHRER.

(District Court, E. D. New York. November 21, 1905.)

MARITIME LIEN—REPAIRS—AGREEMENT OF THIRD PERSON TO PAY COST.

The fact that the owner of a vessel by which another was injured undertook to pay for the latter's repair, and that upon that understanding she was taken by her master to a repairer who did the work, does not raise an inference that it was done on the personal credit of such person, who had no connection with the vessel, and in the absence of an agreement to that effect the vessel is subject to a maritime lien for the cost of the repairs.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Maritime Liens § 48.]

In Admiralty.

Avery F. Cushman, for libelant.
John F. Foley, for claimant.

THOMAS, District Judge. In this case, Nickerson admitted his liability on account of injury done to the bark by his vessel, and undoubtedly all the parties understood that Nickerson undertook, as between him and the ship, to pay for repairing the bark. The captain on his part evidently intended that the repairs should be so thorough that the ship would be in as good condition as before she was injured. Therefore both Nickerson and the captain had occasion to talk about the repairs, and to be present at the time of the repairs, and give directions concerning the same. Nickerson was especially interested to see that it was done with economy, and the captain's aim was that it should be done thoroughly. It is very readily understood that Nickerson might assume that he was contracting with the Ross Iron Works for the payment for the repairs, and that the captain may have assumed not only that Nickerson was making such contract, but also, that primarily he was to pay the same. But it is not to be inferred from this that the Ross Iron Works made the repairs on the credit of Nickerson. He was to it a total stranger. He was a man of relatively small responsibility, not known generally to the trade, and although perfectly well intentioned, and presumptively able to pay, it is difficult to believe, without full proof, that on his unknown credit the Ross Iron Works made repairs to the ship of another. Even if the captain of the vessel or his agents did not make an agreement to

pay for the work, they did appoint the ship to the libelant for repairs; and even if Nickerson promised to pay for it, and the libelant understood that he was to pay for it, the inference is not to be drawn that the work was done on his credit, rather than on the credit of the ship. It is quite evident how the confusion arose, and how each party may honestly believe that the position taken by him, and the evidence given by him, is not only correct, but demands the legal inference claimed. But it is thought, that however the parties regarded the matter as between themselves, the ship was subjected to a maritime lien. The evidence is certainly ample, that when objection was made to taking out the plate, the captain assured payment therefor. Certainly the master of the vessel did order other repairs, alleged to be $33.20.

Pursuant to these views, the libelant should have a decree for $33.20, subject to correction, also a reasonable sum for taking out the plate and replacing it. It appears that the libelant's effort to straighten the plate without removing it was a failure, for which the ship is not liable. The libelant practically guarantied to do the work in place, and therefore the successful completion of the job was at the risk of the libelant.